**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**CHARLESTON**

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | : | |
| | : | |
| Plaintiff, | : | Case No. 2:25-cv-00711 |
| | : | |
| vs. | : | Hon. Joseph R. Goodwin |
| | : | |
| WRIGHTWAY READY-MIX, LLC; WRIGHT CONCRETE & CONSTRUCTION, INC.; and WRIGHT-MIX MATERIAL SOLUTIONS, LLC. | : : : | |
| | : | |
| Defendants. | : | |

**ANSWER OF DEFENDANT WRIGHTWAY READY-MIX, LLC TO PLAINTIFF'S
AMENDED COMPLAINT**

Now come Defendant Wrightway Ready-Mix, LLC (referred to as "Defendant"), by and through counsel, and states the following, in like-numbered paragraphs, as its Answer and Affirmative Defenses to Plaintiff's First Amended Complaint:

**NATURE OF ACTION**

In response to this section, and to the extent that this paragraph contains allegations, Defendant denies for want of knowledge the Nature of Action section of Plaintiff's First Amended Complaint.

**JURISDICTION AND VENUE**

1.      Defendant admits the allegations and/or statements contained in paragraph 1 of Plaintiff's First Amended Complaint.

2.      Defendant states that it is not actively operating in the State of West, and, therefore Defendant reserves the right to challenge whether Venue is proper for it and denies the remaining allegations and/or statements contained in paragraph 2 of Plaintiff's First Amended Complaint.

**PARTIES**

3.      Defendants admit the allegations and/or statements contained in paragraph 3 of Plaintiff's First Amended Complaint.

4.      Defendant denies that it has continuously been actively doing business in the State of West Virginia and denies that the entity where Mr. Moore appliedfor employment had more than 15 employees. As alleged in paragraph 4 of Plaintiff's First Amended Complaint. Plaintiff named the wrong companies in its EEOC and original Complaint with this Court. Defendant did not interview Mr. Moore for any position, and, therefore this Amended Complaint against Defendant should be dismissed as a matter of law.

5.      In response to Paragraph 5 of Plaintiff's Amended Complaint, Defendant denies that Wright Concrete & Construction, Inc. has continuously been doing business and operated in the state of West Virginia and further denies that Wright Concrete & Construction, Inc. had more than 15 employees in West Virginia

6.      Defendant admits the allegations contained in Paragraph 6 of the Amended Complaint with the exception that it denies that Wright-Mix Material Solutions, LLC had more than 15 employees in West Virginia.  Furthermore, Mr. Moore has never filed a Charge of discrimination against Wright-Mix Material Solutions, LLC.

7.      Defendant denies for want of knowledge the allegations and/or statements contained within paragraph 7 of Plaintiff's First Amended Complaint because they are a legal conclusion and not a factual assertion that can be admitted or denied.

8.      Defendant denies for want of knowledge the allegations and/or statements contained within paragraph 8 of Plaintiff's First Amended Complaint because they are a legal conclusion and not a factual assertion that can be admitted or denied.

9.     Defendant denies for want of knowledge the allegations and/or statements contained within paragraph 9 of Plaintiff's First Amended Complaint because they are a legal conclusion and not a factual assertion that can be admitted or denied.

10.     Defendant denies for want of knowledge the allegations and/or statements contained within paragraph 10 of Plaintiff's First Amended Complaint because they are a legal conclusion and not a factual assertion that can be admitted or denied.

11.     Defendant denies for want of knowledge the allegations and/or statements contained within paragraph 11 of Plaintiff's First Amended Complaint because they are a legal conclusion and not a factual assertion that can be admitted or denied.

12.     Defendant denies for want of knowledge the allegations and/or statements contained within paragraph 12 of Plaintiff's First Amended Complaint because they are a legal conclusion and not a factual assertion that can be admitted or denied.

13.     Defendant denies the allegations and/or statements contained in paragraph 13 of Plaintiff's First Amended Complaint.

14.     Defendant denies the allegations and/or statements contained in paragraph 14 of Plaintiff's  First Amended Complaint.

15.     Defendant denies the allegations and/or statements contained in paragraph 15 of Plaintiff's  First Amended Complaint.

16.    Defendant denies for want of knowledge the allegations and/or statements contained within paragraph 16 and all subsections thereto of Plaintiff's First Amended Complaint because they are a legal conclusion and not based on any factual assertion that can be admitted or denied.  In response to Paragraph 16 (o.), Defendant states that records with the West Virginia Secretary of State are documents, which speak for themselves, and Defendant is without knowledge to respond as to "all relevant times", and, therefore denies the same.

## ADMINISTRATIVE PROCEDURE

17.    Defendant admits that John Moore filed a charge of discrimination against Wrightway Ready-Mix on January 11, 2023 nearly three (3) years before this lawsuit was commenced on December 2, 2025.  Otherwise, Defendant denies the remainder of the allegations contained in Paragraph 17 of Plaintiff's First Amended Complaint.

18.    Defendant denies for want of knowledge the allegations and/or statements contained in paragraph 18 of Plaintiff's First Amended Complaint.

19.    Defendant admits it received a September 10, 2024 letter from the Commission but denies the allegations contained therein and the remaining allegations and/or statements contained in paragraph 19 of Plaintiff's First Amended Complaint.

20.    In response to Paragraph 20 of Plaintiff's First Amended Complaint, Defendant denies that it committed any discriminatory actions towards Claimant John Moore since Mr. Moore did not apply or interview with it.  Defendant further admits that it informed the Commission of this error and admits that the Commission acted in extreme bad faith in requested remedies not allowed by law.

21.    Defendants deny for want of knowledge the allegations and/or statements contained in paragraph 21 of Plaintiff's First Amended Complaint.

22.     Defendant admits that the Commission issued a Notice of Failure of Conciliation more than one (1) year after the administrative process was completed and before a Complaint was filed with this Court.

23.     Defendants deny the allegations and/or statements contained in paragraph 23 of Plaintiff's First Amended Complaint.

## STATEMENT OF CLAIMS

24.     Defendant denies the allegations and/or statements contained in paragraph 24 of Plaintiff's First Amended Complaint.

25.     Defendant denies for want of knowledge the allegations and/or statements contained within paragraph 25 of Plaintiff's First Amended Complaint because they are a legal conclusion and not a factual assertion that can be admitted or denied.

26.     Defendant denies for want of knowledge the allegations and/or statements contained in paragraph 26 of Plaintiff's First Amended Complaint.

27.     Defendant denies the allegations and/or statements contained in paragraph 27 of Plaintiff's First Amended Complaint.

28.     Defendant denies the allegations and/or statements contained in paragraph 28 of Plaintiff's First Amended Complaint.

29.     Defendant denies the allegations and/or statements contained in paragraph 29 of Plaintiff's First Amended Complaint.

30. Defendant denies for want of knowledge the allegations and/or statements contained in paragraph 30 of Plaintiff's First Amended Complaint.

31.     Defendant denies the allegations and/or statements contained in paragraph 31 of Plaintiff's First Amended Complaint.

32.     Defendant denies the allegations and/or statements contained in paragraph 32 of Plaintiff's First Amended Complaint as they are vague and Defendant is without knowledge or information to respond to such vague allegations.

33.     Defendant denies the allegations and/or statements contained in paragraph 33 of Plaintiff's First Amended Complaint.

34.     Defendant denies the allegations and/or statements contained in paragraph 34 of Plaintiff's First Amended Complaint.

35.     Defendant denies the allegations and/or statements contained in paragraph 35 of Plaintiff's First Amended Complaint.

36.     Defendant denies the allegations and/or statements contained in paragraph 36 of Plaintiff's First Amended Complaint.

37.     Defendant denies the allegations and/or statements contained in paragraph 37 of Plaintiff's First Amended Complaint.

38.     Defendant denies the allegations and/or statements contained in paragraph 38 of Plaintiff's First Amended Complaint.

39.     Defendant denies the allegations and/or statements contained in paragraph 39 of Plaintiff's First Amended Complaint.

40.     Defendant admits the allegations and/or statements contained in paragraph 40 of Plaintiff's First Amended Complaint.

41.     Defendant denies the allegations and/or statements contained in paragraph 41 of Plaintiff's First Amended Complaint.

42.     In response to Paragraph 42 of Plaintiff's First Amended Complaint, Defendant admits that Johnson did not ask about medications, but denies for want of knowledge the remaining

allegations and/or statements contained in paragraph 42 of Plaintiff's First Amended Complaint as they are vague and no response is required by law.

43.     Defendant denies the allegations and/or statements contained in paragraph 43 of Plaintiff's First Amended Complaint as it is vague.

44.     Defendant admits the allegations and/or statements contained in paragraph 44 of Plaintiff's First Amended Complaint as to it because Moore did not apply for a job or interview with Defendant.

45.     Defendant denies the allegation in Paragraph 45 of Plaintiff's First Amended Complaint because it did not interview Mr. Moore and Mr. Moore did not apply for a job with it.

46.     Defendant admits the allegations and/or statements contained in paragraph 46 of Plaintiff's First Amended Complaint.

47.      Defendant denies the allegations contained in Paragraph 47 of Plaintiff's First Amended Complaint as the entirety of Paragraph 47 is vague and reaches conclusions to which no response is required.

48.     Defendant denies the allegations and/or statements contained in paragraph 48 and denies the allegations in all of the sections thereto of Plaintiff's First Amended Complaint.

## CAUSES OF ACTION

### Count I: Denial of Hire on the Basis of Disability in Violation of the ADA (John Moore)

49.    Defendant reincorporates all previous responses in this Answer in response to paragraph 49 of Plaintiff's First Amended Complaint, as if fully rewritten herein.

50.    Defendant denies for want of knowledge the allegations and/or statements contained in paragraph 50 of Plaintiff's First Amended Complaint because they are a legal conclusion and not a factual assertion that can be admitted or denied.

51.    Defendant denies the allegations and/or statements contained in paragraph 51 of Plaintiff's First Amended Complaint.

52.    Defendant denies the allegations and/or statements contained in paragraph 52 of Plaintiff's First Amended Complaint.

53.    Defendant denies the allegations and/or statements contained in paragraph 53 of Plaintiff's First Amended Complaint.

54.    Defendant denies the allegations and/or statements contained in paragraph 54 of Plaintiff's First Amended Complaint.

55.    Defendant denies the allegations and/or statements contained in paragraph 55 of Plaintiff's First Amended Complaint.

56.    Defendant denies the allegations and/or statements contained in paragraph 56 of Plaintiff's First Amended Complaint.

### Count II: Unlawful Qualification Standard in Violation of the ADA (John Moore)

57.    Defendant reincorporates all previous responses in this Answer in response to paragraph 57 of Plaintiff's First Amended Complaint, as if fully rewritten herein.

58.    Defendant denies for want of knowledge the allegations and/or statements contained in paragraph 58 of Plaintiff's First Amended Complaint because they are a legal conclusion and not a factual assertion that can be admitted or denied.

59.    Defendant denies they have a policy as described in paragraph 59 and deny all allegations and/or statements contained in paragraph 59 of Plaintiff's First Amended Complaint.

60.    Defendant denies the allegations and/or statements contained in paragraph 60 of Plaintiff's First Amended Complaint.

61.    Defendant denies the allegations and/or statements contained in paragraph 61 of Plaintiff's First Amended Complaint.

62.    Defendant denies the allegations and/or statements contained in paragraph 62 of Plaintiff's First Amended Complaint.

63.    Defendant denies the allegations and/or statements contained in paragraph 63 of Plaintiff's First Amended Complaint.

### Count III:  Unlawful Preemployment Disability-Related Inquiry in Violation of the ADA (John Moore)

64.    Defendant reincorporates all previous responses in this Answer in response to paragraph 64 of Plaintiff's First Amended Complaint, as if fully rewritten herein.

65.    Defendant denies the allegations and/or statements contained in paragraph 65 of Plaintiff's First Amended Complaint because they are a legal conclusion and not a factual assertion that can be admitted or denied.    Furthermore, Defendant denies any factual assertions or conclusions asserted in Paragraph 65 of Plaintiff's First Amended Complaint as they are false.

66.    Defendant denies the allegations and/or statements contained in paragraph 66 of Plaintiff's First Amended Complaint.

67.     Defendant denies the allegations and/or statements contained in paragraph 67 of Plaintiff's First Amended Complaint.

68.     Defendant denies the allegations and/or statements contained in paragraph 68 of Plaintiff's First Amended Complaint.

69.     Defendant denies the allegations and/or statements contained in paragraph 69 of Plaintiff's First Amended Complaint.

**Count IV: Denial of Hire Because of Information Obtained from Unlawful Preemployment Disability-Related Inquiry in Violation of the ADA (John Moore)**

70.     Defendant reincorporates all previous responses in this Answer in response to paragraph 70 of Plaintiff's First Amended Complaint, as if fully rewritten herein.

71.     Defendant denies the allegations and/or statements contained in paragraph 71 of Plaintiff's First Amended Complaint.

72.     Defendant denies the allegations and/or statements contained in paragraph 72 of Plaintiff's First Amended Complaint.

73.     Defendant denies the allegations and/or statements contained in paragraph 73 of Plaintiff's First Amended Complaint.

74.     Defendant denies the allegations and/or statements contained in paragraph 74 of Plaintiff's First Amended Complaint.

75.     Defendant denies that any employment practices made by it were unlawful since it did not interview Mr. Moore and Mr. Moore did not apply for employment with it.  Defendant further denies the remainder of the allegations and/or statements contained in paragraph 75 of Plaintiff's First Amended Complaint.

76.     Defendant denies the allegations and/or statements contained in paragraph 76 of Plaintiff's First Amended Complaint.

**Count V: Denial of Hire on the Basis of Disability in Violation of the ADA (Class)**

77.    Defendant reincorporates all previous responses in this Answer in response to paragraph 77 of Plaintiff's First Amended Complaint, as if fully rewritten herein.

78.    Defendant denies the allegations and/or statements contained in paragraph 78 of Plaintiff's First Amended Complaint.

79.    Defendant denies the allegations and/or statements contained in paragraph 79 of Plaintiff's First Amended Complaint.

80.    Defendant denies the allegations and/or statements contained in paragraph 80 of Plaintiff's First Amended Complaint.

81.    Defendant denies the allegations and/or statements contained in paragraph 81 of Plaintiff's First Amended Complaint.

82.    Defendant denies the allegations and/or statements contained in paragraph 82 of Plaintiff's First Amended Complaint.

83.    Defendant denies the allegations and/or statements contained in paragraph 83 of Plaintiff's First Amended Complaint.

84.    Defendant denies the allegations and/or statements contained in paragraph 84 of Plaintiff's First Amended Complaint. Furthermore, Defendant asserts in response to Count V. of Plaintiff's First Amended Complaint that it should be dismissed as a matter of law as there is no basis in the law or factually to support this frivolous Class Action Count.

**Count VI: Unlawful Qualification Standard in Violation of the ADA (Class)**

85.    Defendant reincorporates all previous responses in this Answer in response to paragraph 85 of Plaintiffs' Complaint, as if fully rewritten herein.

86.    Defendant denies for want of knowledge the allegations and/or statements contained in paragraph 86 of Plaintiff's First Amended Complaint because they are a legal conclusion and not a factual assertion that can be admitted or denied.

87.    Defendant denies the allegations and/or statements contained in paragraph 87 of Plaintiff's First Amended Complaint.

88.    Defendant denies the allegations and/or statements contained in paragraph 88 of Plaintiff's First Amended Complaint.

89.    Defendant denies the allegations and/or statements contained in paragraph 89 of Plaintiff's First Amended Complaint.

90.    Defendant denies the allegations and/or statements contained in paragraph 90 of Plaintiff's First Amended Complaint.

91.    Defendant denies the allegations and/or statements contained in paragraph 91 of Plaintiff's First Amended Complaint. Furthermore, Defendant asserts in response to Count VI. of Plaintiff's First Amended Complaint that it should be dismissed as a matter of law as there is no basis in the law or factually to support this frivolous Class Action Count.

### Count VII: Unlawful Preemployment Disability-Related Inquiries in Violation of the ADA (Class)

92.    Defendant reincorporates all previous responses in this Answer in response to paragraph 92 of Plaintiff's First Amended Complaint, as if fully rewritten herein.

93.    Defendant denies the allegations and/or statements contained in paragraph 93 of Plaintiff's First Amended Complaint.

94.    Defendant denies the allegations and/or statements contained in paragraph 94 of Plaintiff's First Amended Complaint.

95.     Defendant denies the allegations and/or statements contained in paragraph 95 of Plaintiff's First Amended Complaint.

96.     Defendant denies the allegations and/or statements contained in paragraph 96 of Plaintiff's First Amended Complaint.

97.     Defendant denies the allegations and/or statements contained in paragraph 97 of Plaintiff's First Amended Complaint. Furthermore, Defendant asserts in response to Count VII. of Plaintiff's First Amended Complaint that it should be dismissed as a matter of law as there is no basis in the law or factually to support this frivolous Class Action Count.

### Count VIII: Denial of Hire Because of Information Obtained from Unlawful Preemployment Disability-Related Inquiries in Violation of the ADA (Class)

98.     Defendant reincorporates all previous responses in this Answer in response to paragraph 98 of Plaintiff's First Amended Complaint, as if fully rewritten herein.

99.     Defendant denies the allegations and/or statements contained in paragraph 99 of Plaintiff's First Amended Complaint.

100.    Defendant denies the allegations and/or statements contained in paragraph 100 of Plaintiff's First Amended Complaint.

101.    Defendant denies the allegations and/or statements contained in paragraph 101 of Plaintiff's First Amended Complaint.

102.    Defendant denies the allegations and/or statements contained in paragraph 102 of Plaintiff's First Amended Complaint.

103.    Defendant denies the allegations and/or statements contained in paragraph 103 of Plaintiff's First Amended Complaint.

104.    Defendant denies the allegations and/or statements contained in paragraph 104 of Plaintiff's First Amended Complaint. Furthermore, Defendant asserts in response to Count VIII.

of Plaintiff's First Amended Complaint that it should be dismissed as a matter of law as there is no basis in the law or factually to support this frivolous Class Action Count.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

105.    Plaintiff fails to state claims upon which relief can be granted as Defendant did not interview Plaintiff John Moore and Plaintiff John Moore did not apply for a position with Defendants.

### SECOND DEFENSE

106.    Plaintiff's claims are barred by any applicable statutes of limitations, including those required under law in the administrative process and in law in timely filing this lawsuit.

### THIRD DEFENSE

107.    Plaintiff's claims are barred to the extent that it has failed to satisfy and/or exhaust any and all administrative, jurisdictional, and/or procedural prerequisites to suit.

### FOURTH DEFENSE

108.    Plaintiff's First Amended Complaint fails as Defendant made no employment decisions with regard to Plaintiff John Moore because Moore did not interview or apply for a job with Defendant.

### FIFTH DEFENSE

109.    Plaintiff's claims are barred and/or limited by the doctrines of laches, consent, unclean hands, waiver, estoppel, ratification, and/or justification.

### SIXTH DEFENSE

110.    Plaintiff's claims fail as he did not experience an adverse employment action by Defendant.

**EIGHTH DEFENSE**

111.    Plaintiff's First Amended Complaint fails because Defendant maintained appropriate policies against discrimination, sexual harassment, hostile work environment, violence and/or retaliation and complied with those policies and/or procedures.

**TENTH DEFENSE**

112.    Plaintiff's claims fail as Plaintiff has not engaged in any protected activities with any Defendant, let alone this Defendant.

**ELEVENTH DEFENSE**

113.    Defendant expressly denies that either it or any employees under its supervision acted in any manner that violated Plaintiff's rights, including engaging in discriminatory and/or other unlawful actions towards Plaintiff.

**TWELFTH DEFENSE**

**114.**    If Plaintiff suffered any damages or losses, such damages or losses were caused, in whole or in part, by Plaintiff's own conduct, acts, or omissions, thereby completely or partially barring the Plaintiff's recovery in this action.

**THIRTEENTH DEFENSE**

115.    Plaintiff's claims for damages, if any, are barred and/or must be reduced to the extent that he failed to properly mitigate his damages.

**FOURTEENTH DEFENSE**

**116.**    Any damages recovered by Plaintiff must be offset by any compensation or income he has received or could have received with reasonable diligence for the period for which he is seeking damages.

## FIFTEENTH DEFENSE

117.   Plaintiff's claims for damages, if any, were the direct and proximate result of intervening and/or superseding causes.

## SIXTEENTH DEFENSE

118.   Plaintiff's claims for damages, if any, may be barred by the after-acquired evidence rule, as may be discovered throughout the course of this action.

## SEVENTEENTH DEFENSE

119.   Plaintiff's claim for punitive damages, if read into the Complaint,  must be denied as Defendant did not act intentionally, recklessly, in bad faith, with malice, in a wanton or willful manner or any other way which would justify punitive damages.

## NINETEENTH DEFENSE

120.   Defendants, at all times relevant, did not willfully violate any law with respect to the treatment of Plaintiff as there was no treatment by Defendant of Plaintiff John Moore.

## TWENTIETH DEFENSE

121.   To the extent that Plaintiff seeks statutory or other penalties, such a claim must comport with the due process requirements of *State Farm v. Campbell*, 538 U.S. 408 (2003).

## TWENTY-FIRST DEFENSE

122.   Defendant affirmatively alleges, in the alternative, that Plaintiff's First Amended Complaint and all claims therein are Frivolous, Pursuant to Civil Rule 11, and there is not a good faith basis for these claims, and Plaintiff knows his claims to be false, and therefore Defendant should be entitled to its costs and attorney's fees from Plaintiff.

## TWENTY-SECOND DEFENSE

123.    Plaintiff sued the wrong company / companies because the companies referenced in the Complaint were not involved in any interview with Mr. Moore.

## TWENTY-FOURTH DEFENSE

124.    Defendants reserve the right to raise such other and further affirmative defenses as may be revealed to Defendants through discovery.

**WHEREFORE**, Defendant Wrightway Ready-Mix, LLC demands that Plaintiff's First Amended Complaint be dismissed as a matter of law, with prejudice, at Plaintiff's costs, and the Court award Defendants their costs, including reasonable attorney's fees, for having to defend this frivolous and baseless First Amended Complaint and such further relief as the Court deems proper, equitable and just.

Respectfully submitted,

*/s/ Gregory Metzger*
Gregory S. Metzger (WV Bar #6637)
REMINGER CO., L.P.A.
730 West Main Street Suite 300
Louisville, KY 40202
Phone: 502-625-7301; Fax: 502-589-5436
Email: GMetzger@reminger.com

*Attorney for Defendant Wrightway Ready-Mix, LLC*

- 17 -

## CERTIFICATE OF SERVICE

The undersigned hereby certifies the foregoing document was submitted for filing via this Cout's electronic filing system, and that service of the foregoing document was made via the Court's e-Filing System on the 31st day of March, 2026, to:

U.S. EQUAL OPPORTUNITY
EMPLOYMENT COMMISSION

Catherine L. Eschbach
Acting General Counsel
Washington, D.C.

Christopher Lage
Deputy General Counsel
Washington, D.C.

Gwendolyn Young Reams
Associate General Counsel
Washington, D.C.

Debra M. Lawrence
Regional Attorney
EEOC – Philadelphia District Office

Ronald L. Phillips
Assistant Regional Attorney
OH Bar No. 0070263
EEOC -- Baltimore Field Office
George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201
Email: ronald.phillips@eeoc.gov

MOORE CAPITO
UNITED STATES ATTORNEY

Jason S. Bailey
Assistant United States Attorney
WV State Bar No. 13582
United States Attorney's Office
300 Virginia Street East, Suite 4000
Charleston, WV  25301
jason.bailey2@usdoj.gov

*Counsel for United States of America*

- 18 -

Gregory A. Murray
Senior Trial Attorney
PA Bar No. 316144
EEOC -- Pittsburgh Area Office
William S. Moorhead Federal Building
1000 Liberty Avenue, Suite 1112
Pittsburgh, PA 15222
Email: gregory.murray@eeoc.gov

Lindsay C. Sfekas
Senior Trial Attorney
DC Bar No. 156302
EEOC -- Baltimore Field Office
George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201
Email: lindsay.sfekas@eeoc.gov

*Counsel for U.S. Equal Employment
Opportunity Commission*

/s/ *Gregory S. Metzger*
Gregory S. Metzger (WV Bar #6637)